Wilde J.
delivered the opinion of the Court. It is admitted by the defendants, that they were indebted to the principal, at the time of the service of the original process, and are chargeable in this suit, unless, under the circumstances of the case, a prior assignment by the principal should be considered valid, so as to pass the credits now claimed to his assignee, in trust for the creditors who have become parties to that assignment.
The assignee was summoned as trustee in the original suit, and disclosed the assignment; and by his answers it appeared that the amount of the claims of the creditors, who had become parties to the assignment before the service of the plaintiffs’ original writ, exceeded the value of the personal estate held by him under the assignment, and he was discharged. Other property, however, was included m the assignment, not liable to attachment under the trustee process, of which the credits attached by the plaintiffs were a part. The exact value of the property assigned, and the amount of the claims of the *79 creditors, parties to the assignment, do not appear ; hut this is not material, as all the facts necessary to the decision of the cause are admitted by the parties. They agree that the assignee has funds in his hands more than sufficient to satisfy the claims of all the creditors who had executed the assignment before the plaintiffs’ attachment; and the question is, whether the creditors who afterwards became parties to the assignment are entitled to the whole surplus of the trust fund, or whether their title to the credits in question has been intercepted by the plaintiffs’ attachment.
The defendants’ counsel contend, that the whole property passed by the assignment, and was complete without the assent of the creditors for whose benefit it was intended ; or that the subsequent assent of the creditors has relation back to the time of the transfer ; and furthermore, that the assign ment cannot be good in part, and in part void. It is true that, by the assignment, the property passed to the assignee without the assent of creditors. It was a valid transfer as between the parties, but void as to creditors. Any of them, however, might become parties to the assignment; and then, and not until then, their claims might be set up against other creditors. To that extent the assignment became binding and valid to all intents and purposes. If, however, there was a surplus of the trust fund, after satisfying the claims of the creditors who had I ecome parties to the assignment, that might be reached by attachment under the trustee process. On this point the cases of Widgery v. Haskell, 5 Mass. R. 144, and Borden v. Sumner, 4 Pick. 265, are decisive authorities. The case also of Andrews v. Ludlow and Trs. 5 Pick. 28, proceeded on the same principle. It is clear, therefore, that the plaintiffs’ attachment was valid at the time it was made ; and it is equally clear, that it could not be defeated by the subsequent assent of any other creditors to the deed of assignment. In respect to them the' plaintiffs have the elder and better title. Before the attachment, the plaintiffs’ claim and theirs stood on an equal footing, and by the attachment the plaintiffs acquired the first lien. The other creditors might as. well attempt to defeat this lien by subsequent attachments, as by becoming parties to the deed of trust.
*80 Then as to the objection, that the deed of assignment could not be good in part, and void or voidable in part, we can perceive no ground on which this objection can be maintained. A sale may be good in part, and void as to the "residue upon which some third person may have obtained a prior lien. It may be good as between the parties, and void as to creditors. It may be valid as to some creditors, and void as to others. In the present case, the creditors who became parties to the deed of assignment are bound by it, while all other creditors may impeach it. Every voidable act is supposed to be good for some purpose, and is only to be avoided so far as law and justice may require. The deed of assignment, therefore, may remain binding upon all the parties to it, but, for the reasons given, it cannot be set up to defeat the plaintiffs’ claim.[1]

Judgment of the Court of Common Pleas, charging the trustees, affirmed, with interest and costs.

 See St. 1836, c. 238; St. 1838, c. 163; Boyden v. Moore, post, 362; Everett v. Walcott, 15 Pick. 94; Copeland v. Weld, 8 Greenl. 411 ; Jewett v. Barnard 6 Greenl. 381